UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

Jonathan Marra

                                   Plaintiff ,

        -against-

                                   Index No. Removed from the Civil Court of New York,
                                   Index No. CV-012714-24/NY

AT&T Services Inc.

                                   Defendant.
-------------------------------------------------------------------x

**PLAINTIFF'S AFFIRMATION**

<u>**IN SUPPORT TO REMAND TO**</u>

<u>**THE CIVIL COURT OF NEW YORK, COUNTY OF NEW YORK**</u>


I, Jonathan Marra, being duly sworn, depose and say:

1.I am the Plaintiff in the above-captioned action. I make this affirmation based on my personal knowledge.

2.Plaintiff brought this action against the Defendant alleging that Plaintiff's phone call and text message data was breached due to Defendant's negligence. Claims were for negligence, breach of implied and express warranty, and pain and suffering caused by the distress.

3.The Defendant then filed a motion to compel arbitration and stay the proceedings. The Plaintiff opposed the motion and filed a cross motion for leave to amend the Complaint and attached an amended Complaint that includes claims for negligence per se, violation of New York's SHIELD Act, breach of express warranty, breach of agreement, violation of New York general business law § 349, and breach of implied covenant of good faith and fair dealing. Defendant then withdrew their motion to compel arbitration and the Court gave the Plaintiff leave to amend the Complaint.

4. Additionally, the Defendant filed a notice of removal with the Civil Court of the City of New York removing the case to the United States District Court for the Southern District of New York arguing jurisdiction matters pursuant to 28 U.S.C. § 1332 ,1441, and 1446.

Furthermore, the Court's Order incorrectly references the originating court as the Supreme Court; this case was removed from the Civil Court of the City of New York, which has a jurisdictional limit of $50,000 which is not the $75,000 required for diversity jurisdiction. The Defendant doesn't address this obvious error in the court's order.

5. While the Defendant is stating issues of jurisdiction to have this case removed, Plaintiff contends that it does not apply to this case. The Defendant is claiming that the amount Plaintiff claims is more than $75,000, but this is not the case. The simple court form the Plaintiff used states $50,000. On Page 10 of the Plaintiff's amended complaint it states *"By reason of the facts and circumstances stated above, the Plaintiff has been damaged by the Defendant in the sum of $50,000 due to the Defendant's negligence per se, violation of the SHIELD Act, breach of implied and express warranty, breach of agreement, violation of New York general business law § 349, and breach of implied covenant of good faith and fair dealing."* The sum totals $50,000 and the Plaintiff's intent was not to exceed that in the New York County Civil Court. Further, because the Civil Court has a $50,000.00 limit on total damages, a mere possibility is not enough for the Defendant to be arguing that the lawsuit is exceeding $75,000.00 for this case. Defendant's argument that potential punitive damages would bring the amount in controversy above the jurisdictional threshold is without merit, and this Court lacks subject matter jurisdiction. Further, AT&T also conducts substantial business in New York and to the best of the Plaintiff's knowledge has a corporate office in New York, AT&T stores, registered agent, various services, and numerous customers and employees in New York, and the Civil Court of the City of New York has jurisdiction.

Defendant's removal of this action to federal court was improper and constitutes a clear attempt to delay and obfuscate these proceedings. The Complaint unequivocally states a demand for judgment in the sum of $50,000.00, and not at least $75,000 which is  required for diversity jurisdiction within 28 U.S.C. § 1332. Defendant's skewed argument that punitive damages could increase  the amount in controversy above the jurisdictional limit is a disingenuous attempt to manufacture federal jurisdiction where none exists. This improper removal is particularly of issue since Defendant's prior conduct in the civil court, including the withdrawal of its motion to compel arbitration just days before the scheduled hearing and the subsequent misrepresentation regarding its intent to file a motion to dismiss which Defendant's counsel stated to the Plaintiff on a phone call. Further, Defendant removed this action to federal court, with the intent of having it transferred to the MDL pending in the District of Montana. However, regardless of the existence of the MDL, this Court lacks subject matter jurisdiction over this individual case because the amount in controversy does not exceed $75,000.

Defendant has failed to demonstrate to a legal certainty that the amount in controversy exceeds the jurisdictional threshold, but rather speculates that punitive damages would exceed $75,000. Plaintiff is challenging the removal of this case to this Court and believes it isn't appropriate to require a response to the complaint in this Court until the issue of jurisdiction is resolved. Defendant's prior withdrawal of its motion to compel arbitration, then filing the removal of the case to this Court, further suggests a strategic effort to avoid litigating this matter in the proper forum. Defendant's counsel also submitted a letter to this Court with a date of December 26, 2024, *"Letter Motion For First Extension of Time To Respond to Complaint",* in the letter the Defendant's counsel claims "This is AT&T's first request for an extension of time.", which is misleading. While this would be the Defendant's first request of an extension in this Court for this case, the Defendant sought and obtained an extension in the Civil Court of the City of New York, which Plaintiff agreed to. This omission prevents the Court from having a complete and accurate comprehension of the procedural history of this case, and the Court should question the Defendant's conduct.

6. Additionally, Plaintiff pro se, filed his paperwork to the best of his ability and believes the Defendant should be subject to New York state laws and the Civil Court in New York. If the Plaintiff's intent was to file the lawsuit for an amount in damages greater than $50,000 he would have chosen another court. The Defendant's pattern of delay tactics and misrepresentations demonstrates a clear disregard for the judicial process and warrants the imposition of sanctions whether it be in this Court or the Civil Court.

Therefore, Pursuant to 28 U.S.C. § 1447(c) and the Court's inherent power to manage its docket and deter unethical litigation practices, Plaintiff respectfully requests that this Court remand this action to the Civil Court of The City of New York, County of New York, and order the Defendant to pay Plaintiff's just costs and actual expenses, incurred as a result of the improper removal; to be calculated at the court's request. Plaintiff can file a detailed affirmation with supporting documentation explaining these costs and expenses upon the Court's request.

7. I affirm this 27st day of December, 2024 under penalty of perjury, under the laws of the State of New York that the foregoing is true and correct.

December 27, 2024
Respectfully submitted,
*/s/ Jonathan Marra*
Jonathan Marra
2020 Grand Avenue APT 2
Baldwin, NY 11510