USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
: 
JONATHAN MARRA, :
:
:
Plaintiff, :
:       1:24-cv-9835-GHW
-against- :
:       ORDER
AT&T SERVICES, INC., :
:
Defendant. :
:
------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On December 20, 2024, this action was removed from the Civil Court of the City of New York. Dkt. No. 1. Defendant stated that the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332, because the parties are diverse and Plaintiff's request for $50,000 in compensatory damages plus punitive damages satisfied the $75,000 amount-in-controversy requirement for diversity jurisdiction. Dkt. No. 1 ¶ 8. On December 27, 2024, Plaintiff moved to remand this action, arguing that the punitive damages sought in the operative complaint do not suffice to satisfy the amount-in-controversy requirement. Dkt. No. 11. The Court scheduled a conference regarding Plaintiff's motion to remand for January 15, 2025 at 2:00 p.m. Dkt. No. 12.

However, on January 13, 2025, the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred this case to the consolidated pretrial proceedings before the United States District Court for the District of Montana. *In re Snowflake, Inc., Data Security Breach Litigation*, MDL No. 3125, Dkt. No. 291. In such cases, courts in this district routinely "refrain from deciding the remand motions" before them "and defer to the Multidistrict Litigation Court," which will have "greater familiarity with the factual and legal issues involved . . . and attendant motions to remand." *Debono v. Am. Home Prods. Corp.*, No. 04 CIV. 3810 (DC), 2004 WL 2601177, at *1 (S.D.N.Y. Nov. 16, 2004) (Chin, J.); *accord In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (holding that "the MDL Panel has

jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court," noting that "[c]onsistency as well as economy" may be served by doing so); *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) ("Following *Ivy*, courts in this Circuit have exercised their discretion and deferred ruling on motions to remand in order to permit the MDL court selected by the JPML to decide such motions.") (collecting cases).

  The Court sees no reason to deviate from that practice here. Where the "underlying jurisdictional issue" on a motion to remand is non-obvious and "involve[s] questions of law or fact . . . bound up with those involved in the multidistrict litigation," there are "significant economies in having a single court decide [the] jurisdictional question which has arisen and presumably will continue to arise in cases around the nation." *Med. Soc'y of State of New York v. Connecticut Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001) (staying "any ruling on plaintiffs' remand motions . . . until the parties notify the Court that the MDL Panel has made its decision on transfer"). The Court observes that Plaintiff's motion to remand concerns his entitlement to punitive damages, *see* Dkt. No. 11, pursuant to claims that the JPML has now determined "involve questions of fact that are common to the actions" now before District of Montana, *In re Snowflake, Inc., Data Security Breach Litigation*, MDL No. 3125, Dkt. No. 291. The District of Montana is therefore better suited to determine whether the punitive damages Plaintiff seeks are appropriately considered as part of the amount-in-controversy in this case. *See A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."). There are likely other plaintiffs seeking punitive damages under similar claims before that court. *See Med. Soc'y*, 187 F. Supp. 2d at 92.

  Accordingly, conference in this case for January 15, 2025 at 2:00 p.m. is adjourned *sine die* pending the transfer of this case to the District of Montana. The Clerk of Court is directed to mail a

copy of this order to Jonathan Marra at 2020 Grand Avenue, Apartment 2, Baldwin, NY 11510.

SO ORDERED.

Dated: January 13, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3