**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JONATHAN MARRA,

Plaintiff,

v.

AT&T SERVICES, INC.,

Defendant.

Case No.: 24-cv-09835-GHW

Removed from the Civil Court of the City of New York, Case No. CV-012714-24/NY

**MEMORANDUM OF LAW IN SUPPORT OF AT&T SERVICES, INC.'S MOTION FOR STAY OF PROCEEDINGS PENDING A TRANSFER DECISION BY THE JPML**

Brian F. Allen
Baker & Hostetler LLP
45 Rockefeller Plaza, 14th Floor
New York, NY 10111
Tel: 212.589.4200
Fax: 212.589.4201
Email: ballen@bakerlaw.com

*Attorneys for AT&T Services, Inc.*

In light of the January 13, 2025 Order entered by the Judicial Panel on Multidistrict Litigation (JPML) conditionally transferring this case to the consolidated actions brought against Defendant AT&T Services, Inc. (AT&T) and several other entities before the United States District Court for the District of Montana, AT&T respectfully moves for a stay of all proceedings and deadlines pending a final transfer decision by the JPML. (Jan. 13, 2025 Conditional Transfer Order, Dkt. 16-1.) Consistent with this Court's Order entered on January 13, 2025 (Dkt 18), staying the proceedings pending the transfer of this case to the District of Montana ensures judicial efficiency, consistency in the analysis of initial dispositive motions, and coordination among matters. The further grounds upon which this Motion is based are set forth below.

## I. BACKGROUND

On July 15, 2024, Plaintiff Jonathan Marra filed a one-paragraph complaint against AT&T in the Civil Court of the City of New York alleging causes of action for negligence, breach of warranty, and pain and suffering related to the data incident that is the subject of the MDL. (Dkt. 1-1.) On November 21, 2024, the NYC Civil Court granted Mr. Marra's motion to amend the complaint and deemed AT&T to have been served with the Amended Complaint as of that date. (Dkt. 1-8.) Mr. Marra's Amended Complaint brings claims for negligence, violation of New York's SHIELD Act, breach of implied warranty, breach of express warranty, breach of contract, violation of New York General Business Law § 349, and breach of implied covenant of good faith and fair dealing. (Dkt. 1-9, ¶¶ 33-55.) Mr. Marra's claims all

stem from AT&T's July 2024 announcement of an incident involving call and text logs stored on a third-party cloud platform maintained by Snowflake (the "Snowflake Incident").

On October 4, 2024, the JPML issued a Transfer Order consolidating actions related to the Snowflake Incident into multidistrict litigation in the District of Montana. *See* Transfer Order, *In re: Snowflake, Inc., Data Sec. Breach Litig.*, MDL No. 3126, ECF 38 (October 4, 2024) (the "Montana MDL"). The JPML assigned the consolidated proceeding to Chief Judge Brian Morris and broadly noted that "centralization is more efficient" given "the growing number of potential tag-along actions." (*Id.* at 4.) In doing so, the JPML reasoned that "[a]ll actions present common factual issues concerning a cluster of breaches that occurred on the Snowflake cloud platform from approximately April through June 2024, when a threat actor allegedly exfiltrated the personal information of over 500 million consumers and employees whose information was stored on Snowflake's cloud platform by Snowflake clients [including AT&T]." (*Id.* at 2-3.)

On December 23, 2024, AT&T timely tagged this case for inclusion in the Montana MDL. On January 13, 2025, the JPML conditionally transferred this matter to the Montana MDL. (Jan. 13, 2025 Conditional Transfer Order, Dkt. 16-1.) The JPML determined that Mr. Marra's case "involve[s] questions of fact that are common to the actions previously transferred to the District of Montana and assigned to Judge Morris." (*Id.*)

AT&T hereby seeks a stay of these proceedings, including all pending

deadlines, on grounds that it has been conditionally transferred and is likely to be finally transferred shortly to the Montana MDL where the MDL Court is setting case management schedules to coordinate deadlines across the over fifty actions related to the Snowflake Incident, including initial responsive pleadings and dispositive motions. Indeed, on January 14, 2024 the MDL Court ordered plaintiffs' leadership group to file a "representative complaint setting forth priority claims" by February 3, 2025. *See* Case Management Order, *In re: Snowflake, Inc., Data Sec. Breach Litig.*, MDL No. 3126, ECF 285 (January 14, 2025). In the same Order, the MDL Court stayed all individual claims not included in the representative complaint. *Id.* As a result, for the same reasons the Court deferred ruling on the Motion to Remand, the Court should stay these proceedings pending a final transfer decision by the JPML and take advantage of the administrative efficiencies established by the MDL. Such a stay would avoid AT&T having to incur the cost of preparing an individual response to Mr. Marra's Complaint, and potentially receiving inconsistent rulings, while the transfer decision is pending.

## II. LAW AND ARGUMENT

AT&T believes it is premature and inconsistent with the purpose of multidistrict litigation to litigate in this forum or respond to Mr. Marra's Amended Complaint prior to the JPML's final decision on transfer of his case to the Montana MDL.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts in this Circuit consider five factors in deciding whether a stay is appropriate: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Ritchie Capital Management, LLC v. General Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015).

Weighing these factors, "[i]t is common for courts to stay an action pending a transfer decision by the JPML. *Id. See also Royal Park Investments SA/NV v. Bank of America Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) ("[W]here a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML.") (compiling cases nationwide); *Pierre v. Prospect Mortg., LLC*, 2013 WL 5876151, at *2 (N.D.N.Y. Oct. 31, 2013) ("In fact, it is rather common for courts to stay cases pending a motion for MDL."); *Silfa v. Teva Pharm., USA, Inc.*, 2020 WL 6701033, *1 (staying litigation "until the MDL panel has determined whether Plaintiff's claims will be consolidated and transferred").

Courts consistently find that all five factors weigh in favor of a stay. First, the stay will be short given the JPML's schedule. *See McCrary v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2024 WL 5315308, *1 (S.D.N.Y. 2024). For his part, Mr. Marra will not be prejudiced by a short stay pending a transfer decision.

Courts, including this one, have determined that such short delays caused by staying proceedings until the JPML decides whether to transfer a case usually do not prejudice the plaintiff." *Royal Park Invs.*, 941 F. Supp. 2d at 372; *Animal Sci. Prods., Inc. v. Hebei Welcome Pharmaceutical Co. Ltd.*, 2005 WL 3555926, at *1 (E.D.N.Y. Dec. 23, 2005) ("any stay relative to the MDL Panel's decision will be relatively short in duration and will not prejudice plaintiffs"); *Med. Soc'y of State of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001) (finding that "plaintiffs have not demonstrated any prejudice in the event of a stay except the slight delay in deciding the remand motion"); *Rosenfeld v. Hartford Fire Ins. Co.*, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) (staying case pending decision by JMPL because, "[w]hile [plaintiff] may suffer some initial delay, once the cases are coordinated . . . more time may well be saved than was lost"). Second, "permitting this action to move forward when it may be transferred to the MDL would prejudice [AT&T] 'by creating the risk it will be subject to duplicative proceedings." *McCrary*, 2024 WL 5315308 at *1 (quoting *Gallagher v. Boehringer Ingelheim Pharms., Inc.*, 2023 WL 402191, at *9 (S.D.N.Y. Jan. 25, 2023)). "Finally, the remaining factors support a stay, most notably because 'a stay services the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer.'" *Id.* (quoting *Ritchie*, 87 F. Supp. 3d at 471.

Here, good cause exists for a stay given that Mr. Marra's case is likely to be transferred to the Montana MDL shortly given the Conditional Transfer Order and the requested stay will not prejudice Mr. Marra. In the interests of coordination,

consistency, and judicial efficiency, the Court should exercise its discretion to stay this proceeding pending a final decision by the JPML regarding transfer.

**WHEREFORE**, AT&T respectfully requests that the Court stay all proceedings and deadlines pending a final decision on transfer by the JPML.

Dated: January 17, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Brian F. Allen*

Brian F. Allen
45 Rockefeller Plaza
New York, New York 10111
Tel: 212.589.4200
Fax: 212.589.4201
ballen@bakerlaw.com

*Attorney for AT&T Services, Inc.*

**Certification Pursuant to Local Civil Rule 7.1**

I, Brian F. Allen, certify that this memorandum complies with the word-count limitations defined in Local Civil Rule 7.1(c). According to the word-count tool on Microsoft Word that was used to prepare this document, the total word count of this memorandum is 1,438 words.

Dated: January 17, 2025 *<u>/s/ Brian F. Allen</u>*